JONATHAN E. NUECHTERLEIN
General Counsel
GREGORY A. ASHE
VA Bar No. 39131
KATHARINE ROLLER
IL Bar No. 6316909
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3582 (Roller)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, kroller@ftc.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**CAPITOL NETWORK DISTANCE LEARNING PROGRAMS, LLC;**<br><br>**CAPITAL NETWORK DIGITAL LICENSING PROGRAMS, LLC;**<br><br>**VERITAS SALES, INC.;**<br><br>**NICHOLAS A. POLLICINO**, a/k/a Nick Pollicino;<br><br>**ANTHONY J. CLAVIEN**; and<br><br>**ADAM F. POLLICINO**,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent

injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, l337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), (c)(2), (c)(3) and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. § 53(b).

## DEFENDANTS

6. Defendant Capitol Network Distance Learning Programs, LLC ("Distance Learning") is an Arizona limited liability company with its principal place of business at 14425 N. Scottsdale Road, Suite 700, Scottsdale, AZ 85254. Distance Learning also has used mailing addresses at 3116 E. Shea Boulevard, Suite 158, Phoenix, AZ 85028; 3217 E. Shea Boulevard, Suite 237, Phoenix, AZ 85028; 10115 E Bell Road, Suite #107-143, Scottsdale, AZ 85260; and

16211 N. Scottsdale Road, Suite A6A-434, Scottsdale, AZ 85254.  Distance Learning transacts or has transacted business in this district and throughout the United States.  At times material to this Complaint, acting alone or in concert with others, Distance Learning has advertised, marketed, distributed, or sold fake high school diplomas to consumers throughout the United States.

7. Capital Network Digital Licensing Programs, LLC ("Digital Licensing") is an Arizona limited liability company with its principal place of business at 8930 E. Raintree Road, Suite 300, Scottsdale, AZ 85260. Digital Licensing also has used mailing addresses at 3116 E. Shea Boulevard, Suite 158, Phoenix, AZ 85028; and 3217 E. Shea Boulevard, Suite 237, Phoenix, AZ 85028.  Digital Licensing transacts or has transacted business in this district and throughout the United States.  At times material to this Complaint, acting alone or in concert with others, Digital Licensing has advertised, marketed, distributed, or sold fake high school diplomas to consumers throughout the United States.

8. Veritas Sales, Inc. ("Veritas") is an Arizona corporation with its principal place of business at 10115 E Bell Road, Suite #107-143, Scottsdale, AZ 85260.  Veritas also has used mailing addresses at 15550 N. 84th Street, Suite 105, Scottsdale, AZ 85260; 1930 E. Third Street, Suite 6, Tempe, AZ 85281; and 4757 E. Greenway Road, Suite 103-154, Phoenix, AZ 85032.  Veritas transacts or has transacted business in this district and throughout the United States.  At times material to this Complaint, acting alone or in concert with others, Veritas has advertised, marketed, distributed, or sold fake high school diplomas to consumers throughout the United States.

9. Defendant Nicholas A. Pollicino, a/k/a Nick Pollicino ("N. Pollicino"), is the principal and owner of Defendants Distance Learning and Digital Licensing. N. Pollicino is a signatory on the bank accounts of Defendants Distance Learning and Digital Licensing. He is the registrant and technical, administrative, and billing contact for many of Defendants' websites. The domain registration and hosting fees for Defendants' websites are often paid for with Defendant N. Pollicino's personal credit cards. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant N. Pollicino, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

10. Defendant Anthony J. Clavien, is the principal and owner of Defendant Veritas. Clavien is a signatory on the bank accounts of Defendant Veritas. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant Clavien, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

11. Defendant Adam F. Pollicino ("A. Pollicino") is the principal and owner of Defendant Veritas. A. Pollicino is a signatory on the bank accounts of Defendant Veritas. He is the registrant and technical, administrative, and billing contact for some of Defendants' websites. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Defendant A. Pollicino, in connection with the matters

alleged herein, transacts or has transacted business in this district and throughout the United States.

12. Defendants Distance Learning, Digital Licensing, and Veritas (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive acts and practices alleged below. Defendants have conducted the business practices described below through an interrelated network of companies that have common ownership, managers, business functions, and that commingle funds. Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below. Defendants N. Pollicino, Clavien, and A. Pollicino have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

## COMMERCE

13. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

14. Since at least 2004, Defendants have operated several fraudulent online "high schools" that sell fake high school diplomas to consumers nationwide. Defendants' websites market to English and Spanish-speaking consumers, promoting programs bearing names such as "Capitol High School," "Penn Capitol High School," "Stafford High School," "Franklin High School," "Lincoln High School," "County High School," "Metro High School," "Liberty High School," and "Heritage High School." They claim that consumers can "[e]arn

your High School Diploma Online" by enrolling in Defendants' programs. Defendants claim that consumers can use their diploma "to advance in life and document proof of your accomplishments" and that their "program has been successfully utilized in a variety of settings and is accepted by a wide range of organizations." Defendants' websites have also represented that Defendants' programs are accredited.

15. In reality, Defendants do not operate accredited online high schools and do not issue valid high school credentials. Consumers are only required to pay a fee and pass a nominal test in order to obtain a "diploma." In fact, Defendants' programs require no coursework or preparation before taking the test, and the test itself offers hints to help consumers select the correct answers. As a result, Defendants' so-called diplomas are virtually worthless. In numerous instances, consumers who attempt to enroll in college, apply for jobs, or join the military using Defendants' diplomas learn that Defendants' programs are unaccredited and that the diplomas are invalid.

16. Defendants have charged between $135 to $249 for their purported services, and have taken in millions of dollars from consumers.

**Defendants Misrepresent That Their Diplomas Constitute Valid High School Equivalency Credentials Accepted by Employers and Colleges**

17. Defendants have marketed and sold their fake online diplomas through a series of websites, including chsonlinehighschool.com, copellahighschool.org, countyhighschoolonline.com, metrohighschoolonline.com, highschoolequivalencytest.com, eastridgehighschool.org, getahighschooldiploma.com, earnahighschooldiploma.com, capitolhighschool.org, cndlp.org, heritagehighschoolonline.com, cndlp.info, johnsoncenteronlinehighschool.org,

heritageonlinehighschool.com, cndlp.net, centennialonlinehighschool.com

lincolnonlinehighschool.com, libertyonlinehighschool.com, franklinonlinehighschool.com,

franklinonlinehighschool.info, franklinonlinehighschool.net, franklinonlinehighschool.org,

getahighschooldiploma.net, staffordlearningcourse.com, my-ged.com,

staffordhighschoolonline.com, and capitolhighschool.yolasite.com.

18. Defendants also have marketed and sold their fake online diplomas to Spanish-speaking consumers on websites including escuelacapital.com and escuelacapitol.com.

19. Defendants use computer codes known as metatags to attract consumers who might be searching the Internet for high school diploma programs.  "Keyword metatags" contain keywords relating to a website's content.  Defendants use the following keyword metatags for their websites:

- Ged
- ged online
- diploma

Similarly, "Title metatags" refer to the various pages on a website.  Defendants' title metatags include:

- High School Diploma Online – Online diplomas with Capitol Online High School
- High School Diplomas Online – CHS Online High School Diploma Program
- High School Diploma Online – get a diploma fast at Stafford High School Online

Finally, "Description metatags" are intended to describe the website and are displayed along with the website address in Internet search engine results.  Defendants' description

metatags include "The best GED online alternative: get a real high school diploma in 2 days!"

20. Defendants misrepresent that their so-called diplomas are equivalent to a traditional high school diploma. For example, Defendants state:

   a. Earn your High School Diploma Online at CHS

   b. Get your High School Diploma Online

   c. Our goal is to create an equal opportunity for men and women of all ages and backgrounds to receive a high school equivalency diploma.

   d. Capitol High School is proud to offer students a flexible high school program that is tailored to meet the demands of a busy schedule. With this innovative high school diploma online free program, more students can now earn a diploma in their free time!

   e. Capitol High School provides you with the opportunity to become a High School graduate with an official High School diploma.

   f. The Best Online Alternative to a GED

   g. Earn your High School Equivalency Diploma Online from County High School Online where Your Experience Counts!

   h. Earn a High School Diploma at Home

   i. You can achieve your life long goal to get a high school diploma.

   j. The Adult High School Diploma Program from Franklin awards high school credit for skills and knowledge gained through life experience and previous classwork based on questions about your life experience skills, an academic test, and a short biographical essay about your life. . .Your diploma is earned based on your test, previous life and work experience and your biographical essay.

21. Defendants misrepresent that consumers can use Defendants' so-called diplomas to obtain employment, career advancement, or higher education. For example, Defendants state:

   a. What can I use my diploma for?

       General:  Your Graduation Package can be used to advance in life and document proof of your accomplishments.
       **

       Career:  Many employers accept life experience certificates such as ours because they recognize that even though someone may not have achieved valuable skills in a traditional manner the skills they have achieved are valuable nonetheless.

   b. NEED A DIPLOMA FOR COLLEGE? Worried about acceptance? Get into college or your money back!

   c. Graduate with the documents you need the confidence you deserve to succeed in the workplace, continued education, or at home.

   d. Do you need your high school diploma to . . .
- Help you get a job?
- Help you change careers?
- Make you eligible for promotion?
- Enter a training program?
- Gain a sense of accomplishment?
- Recognize what you have learned from life experience?

   e. Our program has been successfully utilized in a variety of settings and is accepted by a wide range of organizations.

22. Defendants' websites also contain numerous purported customer testimonials touting Defendants' online high school diploma program and its supposed uses. The testimonials include the following statements:

   a. Wow! Thanks to CNDLP I am currently working in one of the best Hospitals in N.Y. and taking nursing at a local private college.  Thank you for making this possible for me.

   b. First I would like to thank you for helping adults like me obtain a Diploma.  This has been something that has set me back a Page in my life, not having a diploma.  Now I have the chance to make this true.

   c. I got a job with construction as an inspector.

   d. Hi, I'm so glad that online diplomas exists.  I thank you giving others the chance they deserve.  I got married my junior year and moved to different state, and the school

      their told me I was too old to be a junior their, so I haven't been in school since. I thank you again for another chance to improve myself and my life. [sic]

  e. Dear Sir, Thank you for letting me get my high school education through you. You have made me feel like I am somebody now.

  f. I would like to Thank-You for the program that you all have. This program has help begin a step into my future career. Thank-You. [sic]

  g. Dear Administrator, I want thank you for helping me to get my diploma and I really appreciate for everything thanks again you are life saver. [sic]

  h. Thank you so much CNDLP! I just got my job thanks to having passed your program. I sent my mom and whole family a picture with me holding up my new diploma in front of my new job!

23. Defendants offer consumers a "Graduation Package" that includes a diploma, transcripts, and a "verification service." Defendants explain that the transcript will include "all courses required for the degree that you are receiving based on your life experience submission" and that it will be "printed on no copy security paper and include [Defendants'] official seal." As for their verification service, Defendants explain that "our registrar will . . . verify that you graduated from our program to any third party that you authorize to receive the information."

24. The required fee for Defendants' program has varied over time and has ranged from $135 to $249. Defendants accept payment via credit card and money order.

25. In fact, Defendants do not operate legitimate online educational programs. Defendants' so-called "schools" provide consumers no instruction, coursework, study materials, or periodic evaluations. To obtain Defendants' diploma, consumers need only pass an assisted online multiple choice test, enter their life experience, and pay the required fee.

26. In addition, contrary to their website claims, Defendants' diplomas are not equivalent to traditional high school diplomas or to a GED® certificate because numerous higher

education institutions, employers, and the military do not accept Defendants' diplomas as valid high school equivalency credentials. In numerous instances, consumers attempting to enroll in college, apply for jobs, or join the military using Defendants' diplomas have been rejected because the diplomas are not valid high school equivalency credentials.

27. In numerous instances, consumers who have attempted to contact Defendants after receiving their diplomas report that the number listed on their websites rings busy and does not connect to an actual live person.

**Defendants Misrepresent That They Operate Legitimate, Accredited Secondary Education Programs**

28. In some instances, Defendants cloak their fraudulent diploma mills in legitimacy by misrepresenting that their online "schools" are accredited.

29. In some instances, Defendants' websites include the statement "Proud Member of CNDLP" next to the image of an academic seal. The seal is circular with the picture of an open book surrounded by oak laurels with the words "Capitol Network Distance Learning Programs – CNDLP" repeated around the perimeter.

30. In reality, the Capitol Network for Distance Learning Programs is a fictitious entity created by Defendants, and is not a legitimate, independent accrediting body.

31. Defendants registered its website, cndlp.org, in February 2004. On the cndlp.org website, Defendants explain that the "Capitol Network for Distance Learning Programs" is dedicated to providing an equal opportunity for anyone to continue their education at their own pace online" and that "[b]y upholding only the highest academic and educational standards we can

ensure that our students and course graduates are provided the best online education available."

32. On cndlp.org's "Accreditation" page, Defendants state that the "Capitol Network for Distance Learning offers over 2000 online courses and online life experience programs that grant over 65 certifications and equivalency diplomas." Defendants refer to the "Mission Statement of the Accrediting Committee" and explain that "CNDLP Self Accreditation ensures that all of our courses meet a strict set of requirements before they are offered to students" and that to "ensure compliance with accreditation standards The Capitol Network has conducted an intensive self-analysis on all of its offered courses." Defendants have also stated that "The Capitol Network Distance Learning Program (CNDLP) has developed a rigorous academic standards evaluation process for all member organizations."

33. Defendants also claim that their programs follow "the latest online standards and SCORM compliance." SCORM (or Sharable Content Object Reference Model) is administered through, and certification is obtained by, the Department of Defense's Advanced Distributed Learning Initiative. It is a collection of standards and specifications for web-based electronic educational technology that is part of an initiative designed to standardize and modernize training and education management for military and civilian Department of Defense personnel. Neither Defendants nor their programs, however, are SCORM-certified or SCORM compliant.

34. Defendants' claims about CNDLP accreditation and references to SCORM compliance are merely ruses to lend credibility to their online high school programs. In reality, Defendants' programs are not accredited by any legitimate or recognized third-party accrediting bodies.

**Defendants' Inconspicuous Disclaimers are Inadequate**

35. Nowhere do Defendants adequately disclose that their program is neither a replacement for or equivalent to a traditional high school diploma or an accredited high school program. To the extent that any of their websites include a disclaimer, it is located at the bottom of the sites' webpages, below the copyright and related language typically seen at the bottom of websites, such that a consumer would need to scroll past the copyright language to reach it. Further, the disclaimer is well below the "Learn More" or "Get Started" hyperlinks that consumers would click to purchase Defendants' program. Nothing on the webpages above the copyright language indicates to consumers that they should scroll down for any disclaimers. The disclaimer itself is often in a font size smaller than the text on the rest of the page or in a color that is difficult to read against the webpage's background.

36. Some of Defendants' websites also include a disclaimer, buried on a separate "Terms and Conditions" page, that Defendants' program is not an accredited high school course nor a replacement for or equivalent to a traditional high school diploma. The disclosure is located in the seventh of eight small print paragraphs. Nothing on the websites' homepages or enrollment pages, however, indicates that consumers should go to the "Terms and Conditions" page nor is there any method by which Defendants ensure that consumers have read that page.

37. Because of the small font size, color, and placement of the disclaimers, many consumers may not notice or review them. Thus, the disclaimers are not clear and conspicuous and do

not offset the overall net impression of the websites that consumers can successfully use Defendants' diplomas as valid high school equivalency credentials when applying for jobs, seeking enrollment in higher education institutions, or for other purposes.

**VIOLATIONS OF THE FTC ACT**

38. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

39. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

**Count I**

40. Through the means described above, Defendants have represented, directly or indirectly, expressly or by implication, that consumers can successfully use Defendants' diplomas as valid high school equivalency credentials, for example when applying for jobs or seeking enrollment in higher education institutions.

41. In truth and in fact, in numerous instances, consumers cannot successfully use Defendants' diplomas as valid high school equivalency credentials, for example when applying for jobs or seeking enrollment in higher education institutions.

42. Therefore, Defendants' representations as set forth in Paragraph 40 of this Complaint are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**Count II**

43. Through the means described above, Defendants have represented, directly or indirectly, expressly or by implication, that the Capitol Network for Distance Learning Programs is an

independent, third-party accrediting body that objectively evaluates and accredits Defendants' online schools.

44. In truth and in fact, the Capitol Network for Distance Learning Programs is not an independent, third-party accrediting body that objectively evaluates and accredits Defendants' online schools. In fact, the Capitol Network for Distance Learning Programs is owned and controlled by Defendants.

45. Therefore, Defendants' representations as set forth in Paragraph 43 of this Complaint are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

46. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their deceptive acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

47. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) and the Court's own equitable powers, requests that the Court:

A.   Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, and an order freezing assets;

B.   Enter a permanent injunction to prevent future violations of the FTC by Defendants;

C.   Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.   Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

| | | |
|---|---|---|
| 1 | Dated: February 8, 2016 | Respectfully submitted, |

JONATHAN E. NUECHTERLEIN
General Counsel

 /s/Gregory A. Ashe_____
GREGORY A. ASHE
VA Bar No. 39131
KATHARINE ROLLER
IL Bar No. 6316909
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-3582 (Roller)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, kroller@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION